IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation and ARKEMA INC., a Pennsylvania Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BEAN ENVIRONMENTAL LLC, a Delaware limited liability company and BEAN DREDGING LLC, a Louisiana limited liability company,<br><br>　　　　　Defendants. | Misc. No. _____<br><br>Case Pending in the Western District of Washington<br><br>Case No: CV05-5306 RBL |

**BRIEF IN SUPPORT OF GENERAL METALS OF TACOMA, INC.'S
MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENA
SERVED ON BOSKALIS WESTMINSTER, INC.
FOR ATTENDANCE AT A DEPOSITION *DUCES TECUM***

Of Counsel:

Thomas W. Falkner
John Evans
WILLIAMS, KASTNER &
　GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington
Telephone: (206) 628-5999

Marisa Bavand
GROFF MURPHY
　TRACHTENBERG
300 East Pine Street
Seattle, Washington 98122

James W. Semple (I.D. No. 396)
Fotini Antonia Skouvakis (I.D. No. 4793)
MORRIS, JAMES, HITCHENS &
　WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
Email:　jsemple@morrisjames.com
　　　　fskouvakis@morrisjames.com

*Attorneys for General Metals of Tacoma, Inc.*

DATED: August 28, 2006

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. FACTS ...................................................................................................................1

    A. HHCG Files Suit for HHCG Breach of Contract and Misrepresentation ..................................................................................1

    B. Boskalis Westminster, Inc. Owns a 25% Interest in Bonacavor Dredge ...............................................................................2

    C. Boskalis Westminster, Inc. Appears To Have Other Ties to this Litigation, Which Plaintiff Could Confirm or Deny by way of Deposition ................3

    D. Based Upon Boskalis' Role in the Dredging Work at Issue, HHCG Issues Subpoena to Boskalis' Registered Agent in Delaware ...............................4

III. ARGUMENT..........................................................................................................5

    A. The Court Should Compel Production of a Witness and Documents with Regard to the Bonacavor, the Dredge in which Boskalis Westminster, Inc. has a 25% Ownership Interest................................................................5

    B. Boskalis Westminster, Inc.'s Contention that it has no Responsive Documents is Unavailing..........................................................................6

    C. Even Apart from the Bonacavor, Boskalis Westminster, Inc. has an Obligation to Produce a Witness and Documents Related to any Other Issue in the Subpoena...............................................................................7

    D. Boskalis Westminster Inc.'s Objections are Without Merit and, at a Minimum, do not Justify Absolute Refusal To Comply..............................11

IV. CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

Advance Labor Service, Inc. v. Hartford Acc. & Indem. Co.,
 60 F.R.D. 632 (N.D. Ill 1973)..................................................................8

Alimenta Inc. v. Anheuser-Busch Co.,
 99 F.R.D. 309 (N.D. Ga. 1983)................................................................9

Chaveriat v. Williams Pipe Line Co.,
 11 F.3d 1420 (7th Cir. 1993) ..................................................................6

Cochran Consulting, Inc., v. Uwatec USA, Inc.,
 102 F.3d 1224 (Fed. Cir. 1996)...............................................................6

Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petro. Co.,
 105 F.R.D 16 (S.D.N.Y. 1984) ................................................................9

Cooper Industries, Inc. v. British Aerospace, Inc.,
 102 F.R.D. 918 (S.D.N.Y 1984) .............................................................9

First Nat'l City Bank v. IRS,
 271 F.2d 616 (2d Cir. 1959).....................................................................9

Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue,
 839 F.2d 131 (3d Cir. 1988)................................................................. 6, 7

Hubbard v. Rubbermaid, Inc.,
 78 F.R.D. 631 (D. Md. 1978)...................................................................8

In re ATM Fee Antitrust Litigation,
 233 F.R.D 542 (N.D. Cal. 2005)..............................................................8
 8
In re Bankers Trust Co.,
 61 F.3d 465 (6th Cir. 1995) .....................................................................8

In re Citric Acid Litigation,
 181 F.3d 1090 (9th Cir. 1999) ............................................................6, 8

In re Investigation of World Arrangements, Etc.,
 12 F.R.D. 280 (D.D.C. 1952)...................................................................8

In re Ironclad Mfg. Co.,
    201 F. 66 (2d Cir. 1912)..................................................................................10

In re Uranium Antitrust Litigation,
    480 F. Supp. 1138 (N.D. Ill. 1979)................................................................10

Japan Halon Co., Ltd. v. Great Lakes Chemical,
    155 F.R.D 626 (N.D. Ind. 1993)....................................................................10

Mercy Catholic Med. Center v. Thompson,
    380 F.3d 142 (3d Cir. 2004)............................................................................7

Searock v. Stripling,
    736 F.2d 650 (11th Cir. 1984) ........................................................................7

Soletanche and Rodio, Inc. v. Brown and Lambrecht Earth Movers, Inc.,
    99 F.R.D. 269 (N.D. Ill. 1983)........................................................................9

U.S. v. Int'l Union of Petro. and Indus. Workers,
    870 F.2d 1450 (9th Cir. 1989) ........................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26..................................................................................................5, 6

Fed. R. Civ. P. 34....................................................................................................10

Fed. R. Civ. P. 45............................................................................................*passim*

I.  **INTRODUCTION**

Plaintiffs General Metals of Tacoma, Inc., and Arkema Inc. (collectively, "Head of Hylebos Cleanup Group" or "HHCG") respectfully request that the Court compel the deposition and document production of non-party Boskalis Westminster, Inc. in response to plaintiffs' June 14, 2006 subpoena. See Ex. A, attached to Declaration of Thomas W. Falkner ("Falkner Decl.").

Although this lawsuit is taking place in the Western District of Washington, Boskalis Westminster Inc.'s registered agent is in Delaware, and, accordingly, the subpoena at issue was issued in the name of the District of Delaware pursuant to Fed. R. Civ. P. 45(a)(3)(B).  Boskalis Westminster, Inc. responded by objecting on several grounds. See Falkner Decl., Ex. B.

HHCG, therefore, seeks an Order from this Court compelling Boskalis Westminster Inc.'s compliance with the subpoena pursuant to Fed. R. Civ. P. 45©(2)(B). HHCG's counsel contacted Boskalis Westminster Inc.'s counsel after receiving its objection and was advised that no documents responsive to the HHCG's subpoena would be provided. Falkner Decl. at ¶ 3.

II.  **FACTS**

   A.  **HHCG Files Suit For HHCG Breach of Contract and Misrepresentation**

This case involves a multi-million dollar environmental dredging project that took place between 2004 and 2005 at the Hylebos Waterway in Tacoma, Washington. The environmental dredging was required pursuant to a 2002 EPA directive requiring environmental cleanup work at the Head of the Hylebos Waterway in the Tacoma tide

flats by dredging the contaminated sediment and disposing it off site. HHCG contracted with defendant Bean Environmental LLC and Bean Dredging, LLC, as guarantor, (collectively, "BELLC") to perform the dredging work (hereinafter the "Project"), primarily on a dredge called the "Bonacavor." HHCG filed the instant lawsuit after BELLC failed to satisfy the terms of its contract. Falkner Decl., Ex. C.

### B. Boskalis Westminster, Inc. Owns a 25% Interest in the Bonacavor Dredge

The entity that is the subject of this motion to compel, Boskalis Westminster, Inc., is a Delaware corporation. The only address listed with the Delaware Secretary of State for Boskalis Westminster, Inc. is at its registered agent located in Wilmington, Delaware. See Falkner Decl., Ex. D.

Boskalis Westminster, Inc. was first incorporated in 1980. Falkner Decl., Ex. D. In the 1990s, C.F. Bean, the parent company of BELLC, entered into a joint venture with Stuyvesant Dredging, a subsidiary of Netherlands-based Royal Boskalis Westminster, n.v. ("Royal Boskalis"). This marriage allegedly provided a notable benefit to BELLC:

> [BELLC] combines the capabilities and experiences of C.F. Bean, L.L.C. and is a joint venture of Bean and Royal Boskalis Westminster, N.V. Based in The Netherlands, Boskalis is the world's largest dredging organization, with operations worldwide. The affiliation with Boskalis gives Bean Environmental (and our clients) access to the world-class expertise and resources of this global industry leader.

Id., Ex. E.

Boskalis Westminster, Inc. is believed to be a subsidiary of Royal Boskalis, and Royal Boskalis specifically represents on its webpage that the United States entity known as Boskalis Westminster, Inc. **owns a 25% interest in the Bonacavor,** the dredge used

2

by BELLC on the Hylebos Project. Falkner Decl., Ex. F. The performance of the Bonacavor is a critical issue in HHCG's lawsuit against BELLC. Falkner Decl. at ¶ 9.

### C. Boskalis Westminster, Inc. Appears To Have Other Ties to this Litigation, Which Plaintiff Could Confirm or Deny by Way of Deposition

Apart from Boskalis Westminster, Inc.'s ownership of a 25% interest in the dredge that is at the heart of this dispute, the full extent of Boskalis Westminster Inc.'s involvement is still being ascertained through discovery. However, it appears that key Royal Boskalis employees working at the Hylebos project were permitted to work in the United States and on the Project through employment with Royal Boskalis's United States subsidiary, Boskalis Westminster, Inc. or through Stuyvesant Dredging Company, which has also opposed a similar subpoena and is also the subject of a motion to compel being filed in New Orleans. Falkner Decl. at ¶ 3. In the deposition of defendant BELLC's project manager at the Hylebos waterway, Arie Van Adel, HHCG learned that many of the individuals working on the Hylebos job site on BELLC's behalf were employees of an entity Mr. Van Adel identifies as "Boskalis." While it is unclear whether each employee was employed by either (1) Boskalis Westminster, Inc. or (2) Royal Boskalis, what is clear is that Boskalis Westminster, Inc. appears to be one of only two known United States subsidiaries of Royal Boskalis. Mr. Van Adel also made it clear that these "Boskalis" employees played a pivotal role in BELLC's work.[1] Indeed,

---

[1] Their names, employer, and roles, drawn from Mr. Van Adel's deposition testimony, are summarized as follows. Excerpts from the deposition of Arie Van Adel are attached to the Falkner Declaration as Exhibit G.

3

Boskalis employees were not just heavily involved in the attempted performance of environmental dredging at the Project on behalf of BELLC, but they were also intricately involved in the planning – including the selection of equipment, such as the Bonacavor.

### D. Based Upon Boskalis' Role in the Dredging Work At Issue, HHCG Issues Subpoena to Boskalis' Registered Agent in Delaware

Upon realizing the extent of Boskalis Westminster, Inc.'s 25% ownership interest in the Bonacavor dredge and Boskalis Westminster, Inc.'s apparent involvement in the Project, HHCG issued a subpoena duces tecum on Boskalis Westminster, Inc.'s registered agent in Delaware. Falkner Decl., Ex. A. The subpoena specified that the HHCG sought certain documents related to the "Project," defined as "the remediation effort performed at the head of the Hylebos Waterway in Washington. This also includes work performed by Bean Environmental, L.L.C. at the Hylebos Waterway . . . , as well as remediation efforts by other parties at the Hylebos waterway." Id. Boskalis Westminster, Inc. refused to produce a deponent or to produce any documents. Instead, Boskalis Westminster, Inc. declared that it had no involvement with the Project at issue in

| Name | Employer | Role | Cite |
|---|---|---|---|
| Gijs Koek | Boskalis | • "runs the technical department within Boskalis"<br>• "give technical support to the performance of the Bonacavor"<br>• Tech Support for HPG Bucket<br>• "Supporting team"<br>• Oversee repairs | Van Adel at 60-61, 63 |
| John Koomer | Boskalis | • Bucket Supervisor | Van Adel at 65 |
| Mr. Krover | Boskalis | • Designed HPG Bucket<br>• "Very much involved" with second excavator, Hitachi, on the project site | Van Adel at 67 |
| Onmo Sheffe | Boskalis | • CAD Designer<br>• Calculated volumes of material to be removed | Van Adel at 68 |

this case. Id., Ex. B. "As such, it has no responsive documents in its custody or control." Id. In addition, Boskalis Westminster, Inc. propounded a laundry list of blanket objections. Id. HHCG now seeks an order from this Court compelling Boskalis Westminster, Inc. to produce documents in response to its subpoena.

The need for production of relevant documents from Boskalis Westminster, Inc. is critical. Discovery in this case is nearing an end, and throughout the discovery process BELLC has been stonewalling the production of relevant documents held by Royal Boskalis and its related entities that were involved in the Project. Recently, HHCG moved to amend its complaint to include claims of fraud and negligent misrepresentation, in part, because HHCG discovered that BELLC was fraudulently charging the HHCG by inflating actual costs though undisclosed contracts between BELLC and at least one related entity. Falkner Decl., Ex. H. Presumably, BELLC has refused to produce relevant documents from Royal Boskalis and its related entitles to avoid the discovery of additional evidence of fraud.[2]

### III.   ARGUMENT

    **A.   The Court Should Compel Production of a Witness and Documents With Regard to the Bonacavor, the Dredge in which Boskalis Westminster, Inc. has a 25% Ownership Interest.**

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." One of the methods of discovery permitted by the Rules is the subpoena, designed to allow for discovery from non-parties. Fed R. Civ. P. 45(a)(1) provides that a party may issue a

---

[2] Compare Falkner Decl., Ex. I (letter authored by Marisa M. Bavand, counsel for Arkema Inc.) with Falkner Decl., Ex. J (email from William Cronin F. Cronin, counsel for BELLC).

subpoena commanding a non-party to produce evidence and permit inspection of documents. Where, as here, a non-party refuses to comply with a subpoena, the party seeking discovery may move for an order compelling discovery in the district from which the subpoena was issued. Fed. R. Civ. P. 45(c)(2)(B).

In the present case, Boskalis Westminster, Inc. owns a 25% interest in the Bonacavor, the dredge that performed the work at issue in this litigation. Falkner Dec., Ex. F. Discovery regarding the Bonacavor is relevant to HHCG's claims that BELLC's equipment was defective and its efforts were deficient. Boskalis Westminster, Inc. maintains a registered agent at 1208 Orange Street in Wilmington, Delaware. On June 14, 2006, plaintiff's counsel issued a subpoena to Boskalis Westminster's agent, commanding appearance at a deposition on June 30, 2006 at 1330 King Street in Wilmington, Delaware. Id., Ex. A. Because plaintiff's discovery is permitted by Fed. R. Civ. P. 26(b)(1), and because plaintiff complied with the procedural requirements of Fed. R. Civ. P. 45, this Court should compel Boskalis Westminster, Inc. to produce a witness to testify with regard to the Bonacavor and to produce any documents related to the Bonacavor.

B. **Boskalis Westminster, Inc.'s Contention that it has No Responsive Documents is Unavailing**

"The legal control test is the proper standard under Rule 45." In re Citric Acid Litigation, 191 F.3d 1090, 1107-08 (9th. Cir. 1999) (citing Gerling Int'l Ins. Co. v. Commissioner, 839 F.2d 131, 140-41 (3d Cir. 1988)); Cochran Consulting, Inc., v. Uwatec USA, Inc., 102 F.3d 1224, 1229-30 (Fed. Cir. 1996); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1426

(7th Cir. 1993); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). **"Control is defined as the legal right to obtain documents upon demand."** Mercy Catholic Med. Center v. Thompson, 380 F.3d 142, 160 (3d Cir. 2004) (citing Gerling, 839 F.2d at 140) (emphasis added).[3]

In the present case, Boskalis Westminster, Inc. owns a 25% interest in the Bonacavor, the dredge whose failure is at the core of this dispute. Falkner Dec., Ex. C. In addition, several employees who have been identified as "Boskalis" employees may have some connection to Boskalis Westminster, Inc. See Falkner Dec., Ex. G at 55, 60-70. Boskalis Westminster, Inc's contention that it "has no documents in its custody or control" is without merit. Even if such documents are not within Boskalis Westminster, Inc's immediate possession, by virtue of its ownership interest in the Bonacavor, Boskalis Westminster Inc. "has the legal right to obtain documents [related to the Bonacavor] upon demand." Mercy Catholic, 380 F.3d at 160. At the very least, as a 25% owner of the Bonacavor, Boskalis Westminster, Inc. has an affirmative duty to present a witness for deposition on the subject of the Bonacavor.

### C. Even Apart from the Bonacavor, Boskalis Westminster, Inc. has an Obligation to Produce a Witness and Documents Related to any Other Issue in the Subpoena

The full extent of Boskalis Westminster, Inc.'s involvement apart from its ownership of the Bonacavor has yet to be determined. HHCG is properly making use of Fed. R. Civ. P. 45 in an effort to conduct discovery on that very topic. To that end,

---

[3] HHCG observes that, despite the Third Circuit's definition of "control" in Mercy Catholic, the District Court of Delaware has since expressed doubt that the definition of "control" is so expansive. Power Integrations, Inc. v. Fairchild Semiconductor Int'l, 233 F.R.D. 143 (2005). HHCG respectfully submits that any doubts must be resolved in favor of the Third Circuit's definition.

7

Boskalis Westminster, Inc. is obligated to produce a witness to testify under oath as to the extent of the entity's involvement in the Project.

Similarly, Boskalis Westminster, Inc. must produce any documents it may have access to in order to satisfy the production demand contained in the subpoena. Plaintiff anticipates Boskalis Westminster, Inc. will claim that all responsive documents are not in its possession, but are instead in the possession of a parent or sister corporation. But even if that were true, Boskalis Westminster, Inc. would still have an obligation to produce any documents it may obtain from sister or parent corporations, especially when (as here) the Delaware entity Boskalis Westminster, Inc. is listed on Royal Boskalis's own webpage as holding a 25% interest in the Bonacavor. Falkner Decl., Ex. F.

Plaintiff acknowledges that the Rule 45 control test is often applied to require a parent corporation to produce documents in its subsidiary's possession. "A corporation must produce documents possessed by a subsidiary that the parent corporation owns or controls." In re ATM Fee Antitrust Litigation, 233 F.R.D 542 (N.D. Cal. 2005) (quoting United States v. Int'l Union of Petro. and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)). See also In re Citric Acid Litigation, 181 F.3d 1090 (9th Cir. 1999) (affirming legal control test); Hubbard v. Rubbermaid, Inc., 78 F.R.D. 631 (D.Md. 1978); In re Investigation of World Arrangements, Etc., 12 F.R.D. 280 (D.D.C. 1952) (corporation has control over subsidiary and must produce subpoenaed documents); Advance Labor Service, Inc. v. Hartford Acc. & Indem. Co., 60 F.R.D. 632 (N.D. Ill 1973) (corporation required to produce books and records of sister corporation with same directors and shareholders). The control test, however, is not limited to those

circumstances. Even a subsidiary has an obligation to produce documents in its parent's or sister's possession where the subpoenaed entity demonstrates sufficient control. "Where the relationship is thus such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs . . . the courts will not permit the agent-subsidiary to deny control for purposes of discovery . . . ." Gerling Int'l Insurance Co. v. Commissioner of Internal Revenue, 839 F.2d 131, 141 (3d Cir. 1988) (in context of litigant-subsidiary) (citing First Nat'l City Bank v. IRS, 271 F.2d 616, 618 (2d Cir. 1959); Cooper Industries, Inc. v. British Aerospace, Inc., 102 F.R.D. 918, 918 (S.D.N.Y 1984); Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petro. Co., 105 F.R.D 16, 35 (S.D.N.Y.)). The same has been held true with sister corporations under common control, as requisite control is found where the sister corporation is the alter ego of the subpoenaed corporation, or the subpoenaed corporation "acted with its sister in effecting the transaction giving rise to suit and is litigating on its behalf." See Gerling, 839 F.2d at 141 (regarding litigant-subsidiary) (citing Alimenta Inc. v. Anheuser-Busch Co., 99 F.R.D. 309, 313 (N.D. Ga. 1983); Soletanche and Rodio, Inc. v. Brown and Lambrecht Earth Movers, Inc., 99 F.R.D. 269 (N.D. Ill. 1983)).

For instance, in Cooper Industries, 102 F.R.D. at 918, plaintiff brought suit against defendant after a plane purchased from defendant suffered fire damage. Defendant sold and serviced airplanes manufactured by its British affiliate, British Aerospace Public Ltd. Co. In discovery, plaintiff sought service manuals and blue prints that were in the possession of defendant's British affiliate. After repeated failures to produce the documents, defendant tardily raised the Hague Convention as a defense. Id.

at 919. The court rejected defendant's argument and held that Fed. R. Civ. P. 34[4] required the defendant to produce documents in the possession of its British affiliate:

> The documents plaintiff seeks all relate to the planes that defendant works with every day; it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business. . . . **The documents and records that a corporation requires in the normal course of its business are presumed to be in its control unless the corporation proves otherwise.** Any other rule would allow corporations to improperly evade discovery.

Id. at 919-920 and 920 n. 2 (citing In re Ironclad Mfg. Co., 201 F. 66, 68 (2d Cir. 1912)) (emphasis added).

Similarly, in Japan Halon Co., Ltd. v. Great Lakes Chemical, 155 F.R.D 626 (N.D. Ind. 1993), the defendant sought discovery of certain documents held by the plaintiff's parent company in Japan. Compelling discovery, the court recognized that the "control analysis for Rule 34 purposes **does not require the party to have actual managerial power over the foreign corporation, but rather that there be close coordination between them.**" Id. (quoting In re Uranium Antitrust Litigation, 480 F. Supp. 1138 (N.D. Ill. 1979) (emphasis added)).

To the extent that Boskalis Westminster, Inc. has access to documents through Royal Boskalis or other Boskalis affiliates that are responsive to the subpoena, Boskalis Westminster, Inc. must produce them.

---

[4] While most cases on point are based on Fed. R. Civ. P. 34, the same rationale of liberal discovery dictates the same result under Fed. R. Civ. P. 45. As stated in the Advisory Committee's notes from the 1970 amendment of Rule 45: "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."

### D. Boskalis Westminster Inc.'s Objections are Without Merit And, At A Minimum, Do Not Justify Absolute Refusal to Comply

In addition to claiming it has no responsive documents, Boskalis Westminster, Inc. issued a list of objections, presumably to protect whatever documents it might be required to obtain under Rule 45. HHCG finds such objections to be without merit, and certainly insufficient to warrant an absolute refusal to comply with the subpoena. HHCG generally responds to these objections as follows.

With regard to Boskalis Westminster's objections on the grounds of relevance and alleged harassment, Fed R. Civ. P. 26(b)(1) sets a decisively broad scope for discovery. Plaintiff is entitled to seek out any information that may lead to the discovery of admissible evidence. The subpoena at issue is nothing more than a lawful exercise of plaintiff's right to conduct discovery under Fed. R. Civ. P. 26 and 45. Nearly each of the subjects in Exhibit A of the subpoena refer to the "Project," which is narrowly defined as work at the Hylebos Waterway. See Falkner Decl., Ex. A. Those inquiries which are not limited to the Project probe more generally into the relationship between Boskalis Westminster, Inc. and BELLC. Because there is evidence establishing a relationship between Boskalis Westminster, Inc. and BELLC, namely the Bonacavor, HHCG is entitled to perform discovery regarding the precise nature of that relationship. HHCG finds it quite telling that although Boskalis Westminster, Inc. disclaims any involvement in the Project or this litigation, Boskalis' objections are largely interposed to protect BELLC. For instance, Boskalis Westminster, Inc. claims the subpoena is designed to "harass . . . Bean Environmental, LLC." It is unclear how a subpoena directing Boskalis

Westminster, Inc. to produce documents could be construed as "harassment" of BELLC, unless Boskalis is holding itself out as a representative of BELLC.

With regard to objections based on privilege or work product, plaintiffs concede that any documents which properly fall under such categories may be withheld, but insists that Boskalis Westminster, Inc. has a duty to produce all non-privileged documents and a duty to create a privilege log for privileged documents.

Finally, with regard to the objection declaring that compliance would require more than 100 miles of travel, plaintiffs submit that assertion is without basis. The deposition notice sets the location for deposition at an address in the same city as the address of Boskalis Westminster, Inc.'s registered agent – the only known address for Boskalis Westminster, Inc. The subpoena complies with Fed. R. Civ. P. 45 (c)(3)(B).

## IV. **CONCLUSION**

For the aforementioned reasons, plaintiff respectfully requests that the Court compel Boskalis Westminster, Inc. to produce a witness and documents in response to the subpoena at issue.

Of Counsel:

John P. Evans
Thomas W. Falkner
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington
Telephone (206) 628-6600

Marisa Bavand
GROFF MURPHY
    TRACHTENBERG
300 East Pine Street
Seattle, Washington 98122

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

By _/s/_____
James W. Semple (I.D. No. 396)
Fotini Antonia Skouvaskis (Bar No. 4793)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19899
Telephone: (302) 888-5202
Facsimile: (302) 571-1750
Email: fskouvakis@morrisjames.com

*Attorneys for Plaintiff General Metals of Tacoma, Inc.*

DATED: August 28, 2006

# CERTIFICATE OF SERVICE

It is hereby certified that this 28th day of August, 2006, copies of the forgoing document, **Brief in Support of General Metals of Tacoma, Inc.'s Motion To Compel Compliance with the Subpoena Served on Boskalis Westminster, Inc. for Attendance at a Deposition** *Duces Tecum*, were hereby served as indicated.

| | |
|---|---|
| William F. Cronin<br>Kevin J. Craig<br>Corr Cronin Michelson<br>Baumgardner & Preece LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154-1051<br><br>*Attorneys for Defendants*<br>*Bean Environmental L.L.C. and*<br>*Bean Dredging L.L.C.* | ☒ Via Federal Express<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Jeffrey F. Lawrence<br>Heather M. Spring<br>Sher & Blackwell<br>1850 M Street, N.W.<br>Washington, D.C. 20036<br><br>*Attorneys for Stuyvesant Dredging Co.* | ☒ Via Federal Express<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail |
| Registered Agent: 9000010<br>Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>*Registered Agent for Boskalis*<br>*Westminster, Inc.* | ☐ Via Federal Express<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via Hand Delivery |

/s/ Fotini Antonia Skouvakis

Fotini Antonia Skouvakis (I.D. No. 4793)