## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA, INC. a Pennsylvania Corporation,** | ) ) ) ) | **CASE NO. 06-MC-165 (GMS)** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. CV05-5306 RBL (W.D. Wash.)** |
| **BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company,** | ) ) ) ) ) | |
| **Defendants** | ) ) | |

## MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF BOSKALIS WESTMINSTER, INC.

Boskalis Westminster, Inc. ("BWI") now appears before the Court and respectfully requests that the Court deny the Motion to Compel filed by Plaintiffs General Metals of Tacoma, Inc. and Arkema Inc. (collectively, "HHCG") in the captioned litigation. As explained in more detail below, BWI does not possess any responsive documents. To the extent that HHCG is seeking documents in the possession of overseas affiliates of BWI, BWI has no control over such documents, and therefore has no obligation to provide them. There is a procedure for obtaining such documents directly from overseas entities, which is set forth in an international treaty to which the U.S. is a party. HHCG has chosen not to employ this procedure, despite more than adequate time to do so. To the extent HHCG is seeking production of documents in the possession of Bean Environmental LLC ("BELLC") or other Bean entities, those documents should be obtained from BELLC or Bean Dredging LLC ("BDLLC") and any questions as to

whether those documents are within the permissible scope of discovery should be resolved by the parties to the litigation in the U.S. District Court for the Western District of Washington.

## FACTS

The captioned litigation principally involves breach of contract claims and counterclaims between HHCG, on the one hand, and BELLC and BDLLC, on the other. The contract at issue involved performance of dredging services by BELLC for the HHCG on the Head of Hylebos Cleanup (the "Hylebos Project"). BWI had no involvement in the Hylebos Project and has no documents relating to the Hylebos Project. (See Exhibit A, Declaration of Robert J. Dugas). Moreover, BWI does not own or jointly own the dredge BONACVOR that was used on the project and accordingly has no documents relating to the dredge. *Id*

On or about June 14, 2006, HHCG issued the subject subpoena to BWI. BWI timely objected to the subpoena through a letter served on HHCG on June 27, 2006, and further advised HHCG that BWI was not involved in the Hylebos Project and had no documents relating thereto. On or about June 28, 2006, counsel for BWI was contacted by counsel for General Metals, Thomas Falkner. Mr. Falkner was again advised that BWI does not possess any responsive documents. (See Exhibit B, Declaration of Heather M. Spring). Mr. Falkner was further advised that BWI's custodian of records would be its accountant located in Louisiana. *Id.*.

ARGUMENT

A.     BWI Does Possess Any Responsive Documents

As noted, BWI is not an active operating entity. It does not have any employees or assets. Its sole purpose at this time, and at all times relevant to the Hylebos Project, is to own other companies. (Dugas Decl., Ex. A). In this respect, BWI has an indirect, minority ownership interest in Bean Excavation, LLC ("Bean Excavation"). Bean Excavation owns the BONACAVOR, which is the dredge that was used on the Hylebos Project. BWI does not itself own the dredge and does not possess any documents pertaining to the dredge. (Dugas Decl., Ex. A).

In addition, Bean Dredging, a party to the litigation in Washington, holds an indirect majority interest in Bean Excavation. As such, Bean Dredging has better access to any documents relating to dredge. If any responsive and relevant documents exist, those documents should be compelled from a party to the litigation, not from a non-party who is not in a position to address the relevance of the requested documents to the litigation. A motion to compel is pending in the Western District of Washington. (See Exhibit C, Declaration of Kevin J. Craig). If requested documents relating to equipment are within the permissible scope of discovery, Bean Dredging will presumably be compelled to produce them.

In addition, BWI did not employ any persons who worked on the Hylebos Project or who provided technical consulting services to the project. Technical services, certain equipment, and a Project Manager were provided to the project by BWI's Dutch parent company Royal Boskalis Westminster nv ("Boskalis") through Stuyvesant Dredging Company, another U.S. subsidiary. Stuyvesant Dredging Company has already produced

all relevant, responsive documents in its possession and has itself been served with a motion to compel additional production. (Dugas Decl., Ex. A).

Since BWI has no responsive documents in its possession or control, the motion to compel should be denied.

B.    BWI Does Not Control Documents Possessed by its Overseas Parent

HHCG also maintains that BWI should be compelled to produce any responsive documents that might be in the possession of its overseas parent, Boskalis. As explained hereafter, BWI, as a non-party without control over the documents sought from the Netherlands, is not obligated to provide those documents under the Federal Rules of Civil Procedure.

The answer to the question of whether a U.S. subsidiary may be compelled to produce the records of a parent in a foreign country under the Federal Rules of Civil Procedure hinges on whether the subsidiary has control of the parent's documents. "Control is defined as the legal right, authority or ability to obtain documents upon demand." *Camden Iron & Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991). In *U.S. International Trade Commission v. ASAT, Inc.*, 411 F.3d 245 (D.C. Cir. 2005), the Court, following the analysis laid out in *Camden Iron*, concluded that the record lacked sufficient evidence to find that the subsidiary should be compelled to produce the foreign parent's records as a matter of law. When the D.C. Circuit's analysis is applied to the facts regarding BWI and its complete lack of any role in the transaction underlying the litigation, it becomes clear that BWI should not be compelled to produce records in the Netherlands.

In determining the issue of "control," it is important to first take into account that it is the burden of the party that subpoenas the documents and moves to compel to establish that "control" exists. *ASAT, Inc.,* 411 F.3d at 254. In *ASAT, Inc.,* the subsidiary subpoenaed, like BWI, was a non-party to the legal matter in which the subpoena was issued, and did not possess or have custody over the documents sought. Under these circumstances, the Court stated that in order for ASAT, Inc. to have "control":

> [T]here must be a nexus between the subpoenaed documents and ASAT, Inc.'s relationship with its parent companies, taking into account, among other things, ASAT, Inc.'s business responsibilities.

*Id* at 255. The Court then concluded that the record did not show the requisite nexus to indicate that the subsidiary would have access to the records sought "in the ordinary course of business." *Id* Specifically, the court noted that access appeared questionable, given that the documents sought did not relate to the principal activities of the subsidiary. *Id*

The record in this case regarding BWI, under the D.C. Circuit's analysis in *ASAT, Inc.,* similarly provides an insufficient basis to determine that BWI has control over documents in the Netherlands. BWI is not engaged in operations and had no involvement in the Hylebos Project. It does not have routine access to any operational files or communications relating to the project that might exist in the Netherlands.

Based on the facts in the record, BWI should not be compelled to produce documents that may be in the possession of persons in the Netherlands who communicated directly with Bean entities regarding the planning and/or performance of the Hylebos Project. BWI does not have nor does it need routine access to these types of

documents. Accordingly, HHCG cannot demonstrate to the court that BWI has control over such documents as a matter of law.

The cases cited by HHCG are clearly distinguishable and support BWI's position that the facts involving the functions of the subsidiary, the relationship to the litigation, and the documents sought must be considered in analyzing the "control" issue. As a general matter, HHCG has relied only on cases involving motions to compel against a party. The tactic of using a subpoena of a non-party U.S. subsidiary to compel production of a parent's documents in a foreign country has been treated differently and disapproved. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 233 F.R.D. 143, 146 (D. Del. 2005) (denying motion to compel subpoena against non-party for production of parent's documents in foreign country in part because subsidiary was not a party litigant).

The case upon which HHCG principally relies is also clearly distinguishable when it comes to the critical facts regarding the existence of a nexus between the documents sought and the subsidiary's functions. In *Cooper Industries, Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918 (S.D.N.Y. 1984), for example, the underlying litigation involved the design of an airplane, and the court was addressing a motion to compel against a defendant that was the "distributor and servicer" of the planes manufactured by the British parent company. The Court concluded that the requested documents "all relate to the planes that defendant works with everyday; it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business." *Id.* at 919-20. BWI never worked with or was involved with documents retained by persons in the Netherlands regarding the Hylebos Project planning or

performance, so unlike the defendant in *Cooper Industries*, it should not be deemed to have control over such documents.

C.    HHCG Should Obtain Documents From the Netherlands By Other Means

Documents outside of the United States located in the Netherlands may be obtained under and through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. Both the U.S. and the Netherlands are parties to this treaty. In reversing the order to enforce the subpoena in *ASAT, Inc.*, the D.C. Circuit noted that the party seeking the records of the foreign entities could obtain them "through the Hague Convention protocols for obtaining documents from foreign corporations." HHCG could and should follow these protocols if they want to obtain documents from a non-party company located in the Netherlands.

Based on information it has received regarding the litigation in conjunction with this subpoena, it is unclear why HHCG has chosen not to pursue discovery of documents from Royal Boskalis Westminster n.v. through the Hague Convention. HHCG apparently retained counsel in the Netherlands to assist with arranging depositions in the Netherlands (which were voluntarily given by Boskalis), and HHCG's Seattle counsel even traveled to the Netherlands in the last month for the purpose of taking depositions there. (See Craig Decl., Ex. C). HHCG has not been prevented from obtaining documents that it is seeking from the Netherlands by anything other than the choice of its counsel not to follow the appropriate procedures for doing so.

D.    BWI Does Not Have Control Over Documents in the Possession of BELLC or Other Bean Entities

BWI also does not have control over documents in the possession of BELLC or other Bean entities, nor should BWI be compelled to produce documents that could be

7

produced by BELLC or BDLLC directly. Both of these entities are parties to the contract litigation and are based in the U.S. A motion to compel relating to production from the parties is currently pending in the Western District of Washington. Any issues regarding the scope of discovery and the parties' obligation to produce documents in their possession should be resolved by the parties in the court with jurisdiction over the claim. HHCG should not be able to avoid those proceedings by seeking discovery from a third party. *See Haworth v. Herman Miller, Inc*, 998 F.2d 975, 978 (Fed. Cir. 1993) ("the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding.").

Even if it was appropriate to request documents possessed by a party from a non-party, BWI does not exercise control over any of the Bean entities. BWI has only an indirect, minority interest in Bean Environmental and in Bean Excavation. (Dugas Decl., Ex. A). Given this limited ownership interest, BWI cannot be said to exercise control over those entities. Moreover, Bean Dredging, which is a party to the litigation, holds a majority interest in those companies. *Id* Accordingly, if there are any Bean documents that are responsive and discoverable, Bean Dredging is in a better position to compel production.

E.    BWI's Custodian of Records is Located More Than 100 Miles From Delaware

BWI has no physical offices in Delaware[1] and has no employees in Delaware. Its custodian of records would be its accountant Robert J. Dugas who is located in Metairie, Louisiana. Counsel for HHCG was advised of this fact after the subpoena was served.

---

[1] The subpoena and motion to compel were served on BWI's agent CT Corporation.

Because the custodian of documents would have to travel more than 100 miles if compelled to appear for deposition in Delaware, the motion must be denied.

CONCLUSION

BWI has no responsive documents in its possession and control. It should not be compelled to obtain and produce documents in the control of BELLC or other Bean entities. Nor should it be compelled to obtain and produce documents possessed by its overseas parent company. In neither instance does BWI exercise control over the documents or the companies. Moreover, there are other means available to HHCG to seek to obtain documents from the Bean entities and from Boskalis. The appropriate mechanisms should be employed. Finally, the custodian of records for BWI, Robert Dugas, should not be compelled to travel more that 100 miles to appear for deposition in Delaware.

For these and all of the above reasons, BWI respectfully requests that the Motion to Compel be denied.

Respectfully submitted,

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

Dated:  September 12, 2006

Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200

Of Counsel:
Jeffrey Lawrence
Heather M. Spring
**SHER & BLACKWELL LLP**
1850 M St., N.W., Ste. 900
Washington, D.C. 20036
Telephone:  (202) 463-2516

Attorneys for Boskalis Westminster, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA, INC. a Pennsylvania Corporation, | ) ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CV05-5306 RBL (W.D. Wash.) |
| BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company, | ) ) ) ) ) | |
| Defendants | ) ) | |

Declaration of Robert J. Dugas

I, Robert J. Dugas, declare as follows:

1.       I am a Certified Public Accountant providing services to Boskalis Westminster, Inc. ("BWI") through its subsidiary Stuyvesant Dredging Company ("SDC"). My office is located at 3525 N. Causeway Blvd., # 616, Metairie, LA 70002.

2.       On or about June 14, 2006, BWI was served with a subpoena relating to the above referenced litigation. BWI is not a party to the litigation. I understand that the litigation involves a contract entered into by Bean Environmental LLC and the plaintiffs to perform certain environmental dredging work in the Hylebos waterway. ("The Hylebos Project").

3.    BWI timely served objections to the subpoena and further advised plaintiffs that BWI has no documents in its possession or control relating to the Hylebos Project.

4.    BWI is a U.S. subsidiary of the Dutch company Royal Boskalis Westminster nv ("Boskalis"). BWI is not an active operating company. It has no employees or assets. Its sole purpose is currently to own other companies. In this respect, it indirectly owns Stuyvesant Dredging Company ("SDC") and Stuyvesant Investments, Inc. ("SII").

5.    SDC had limited involvement in the Hylebos Project and has already turned over all relevant, responsive documents in its possession to the parties for production. In addition, SDC has itself been served with a motion to compel production of documents from Boskalis and the Bean entities.

6.    SII owns a minority interest in Bean Environmental LLC, a defendant in the litigation, as well as Bean Excavation LLC, the owner of the dredge used on the Hylebos Project. Bean Dredging, a party to the litigation, owns a majority indirect interest in Bean Excavation.

7.    BWI does not as a result of its minority interest in Bean Excavation possess any documents relating to the dredge. Nor does SII.

8.    BWI has no employees or other representatives in Delaware to produce for deposition. I would be considered the "custodian of records," and would have to travel from Louisiana in order to be deposed.

2

9.    BWI does not have the authority to direct the actions of Boskalis or the

Bean entities.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge, information and belief.

Robert J. Dugas

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA, INC. a Pennsylvania Corporation, | ) ) ) ) |
|  | CASE NO. |
| Plaintiffs, | ) ) ) |
| v. | ) No. CV05-5306 RBL ) (W.D. Wash.) |
| BEAN ENVIRONMENTAL LLC, a Delaware limitedliability company; and BEAN DREDGING LLC, a Louisiana limited liability company, | ) ) ) ) ) |
| Defendants | ) ) ) |

### Declaration of Heather M. Spring

I, Heather M. Spring, declare as follows:

1.    I am an attorney representing Boskalis Westminster, Inc.

2.    A subpoena in the above referenced matter was served on Boskalis Westminster, Inc. on or about June 14, 2006. Timely objections were served in response to the subpoena on June 27, 2006. In addition, counsel was advised that no responsive documents existed.

3.    Following service of the subpoena I was contacted by Thomas Falkner, counsel for General Metals of Tacoma. I again advised that BWI had nothing to do with the Hylebos Project and had no responsive documents. I also informed Mr. Falkner that the custodian of records would be BWI's accountant in Louisiana.

4.    I further advised that his information regarding ownership of the dredge BONACAVOR was not correct and that to the extent that documents relating to the dredge are

relevant to the litigation and within the scope of permissible discovery they should be available from the parties to the litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Heather M. Spring

2

# EXHIBIT C

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

8

9

GENERAL METALS OF TACOMA, INC., a
Washington corporation, and ARKEMA, INC.,
a Pennsylvania corporation,

10

Plaintiffs,

11

v.

12

13

14

BEAN ENVIRONMENTAL L.L.C., a
Delaware limited liability company, and
BEAN DREDGING L.L.C., a Louisiana
limited liability company,

Defendants.

15

NO. C05-5306 RBL
United States District Court
Western District of Washington

**DECLARATION
OF KEVIN J. CRAIG**

16

17

18

19

20

Kevin J. Craig states and declares as follows:

1.    I am an attorney representing defendant Bean Environmental  L.L.C. ("Bean")

in the above captioned action ("the action").  I have personal knowledge of the matters stated

herein, I am over eighteen, and I am competent to testify to these matters.

21

22

23

24

2.    The action was commenced in May 2005, and discovery has been proceeding

for over a year.  The documents (both hard copy and electronic documents) that Royal

Boskalis Westminster N.V. provided to Bean Environmental during the course of the project

have been produced to HHCG during discovery in the action.  Currently, there is a motion to

25

DECLARATION OF KEVIN J. CRAIG – Page 1
No. C05-5306RBL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   compel production of documents pending in Washington, and the documents that HHCG is

2   seeking relating to the dredge are a subject of that motion.

3          3.      HHCG had more than an adequate opportunity to obtain documents directly

4   from Royal Boskalis Westminster N.V. Counsel for Bean Environmental repeatedly advised

5   counsel for HHCG that Bean Environmental LLC had no control over Royal Boskalis

6   Westminster N.V. and that if HHCG wanted to obtain the documents from Royal Boskalis

7   Westminster N.V. in the Netherlands, HHCG would need to comply with the legal procedures

8   for obtaining discovery from a third party. HHCG then retained counsel in the Netherlands to

9   assist with discovery. Attached as Exhibit A is a true and correct copy of a letter from

10  HHCG's Dutch counsel Marcel W.E. Evers to Rinus van de Ven, dated July 18, 2006.

11  HHCG's counsel of record in the action even traveled to the Netherlands from Seattle,

12  Washington. From August 14 through August 18, 2006, HHCG's counsel was present in the

13  Netherlands. On August 16 and 17, 2006, HHCG's counsel took depositions in this action in

14  Papendrecht, the Netherlands, the city in which Royal Boskalis Westminster N.V.'s corporate

15  offices are located. Despite HHCG's representation by Dutch counsel to assist with discovery

16  and despite HHCG's counsel of record traveling to Papendrecht, the Netherlands, HHCG

17  decided, for whatever reason, not to subpoena Royal Boskalis Westminster N.V. HHCG and

18  their counsel only have themselves to blame for their apparent deliberate failure to obtain

19  documents from Royal Boskalis Westminster N.V.

20

21

22

23

24

25

DECLARATION OF KEVIN J. CRAIG – Page 2
No. C05-5306RBL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1         I declare under penalty of perjury under the laws of the United States, the state of

2    Delaware, and the state of Washington that the foregoing is true and correct to the best of my

3    belief.

4         Dated this 11th day of September, 2006 at Seattle, Washington.

5

6

7    Kevin J. Craig, WSBA 29932

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF KEVIN J. CRAIG – Page 3
No. C05-5306RBL

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

470 00001 gl114402

A

DE BREIJ
EVERS
BOON



Jan van Goyenkade 8
P O Box 75687
1070 AR Amsterdam
www.debreij.com

Marcel W E Evers
advocaat

t   + 31 (0)20 572 27 82
f   + 31 (0)20 572 27 80
m  + 31 (0)6 466 064 55
e   marcel.evers@debreij.com

18 July 2006

Our ref:
b002 (060718)
Your ref:

Re :
Deposition Tacoma Project
Page:
1/2

Mr R van de Ven
Bosschendijk 10
4731 DE Oudenbosch

*also by email rien.marian@planet.nl*

Dear Mr Van de Ven,

Thank you for your willingness to speak to me yesterday morning  Further to our telephone conversation. please be informed as follows

I confirm that I act as Dutch counsel for General Metals of Tacoma, Inc ("General Metals") and Arkema, Inc ("Arkema"), who are plaintiffs in a lawsuit filed against Bean Environmental LLC and Bean Dredging LLC (collectively, "Bean"). The lawsuit is currently pending in the U.S. Federal District Court in Tacoma, Washington, U S A. The U S firms representing plaintiffs in this lawsuit includes Williams, Kastner & Gibbs PLLC, from which firm I took instructions.

The subject of the above litigation is a dredging project conducted in Tacoma, Washington. U S A  You indicated that you are familiar with the project involved.

I informed you that my clients would like to depose you in connection with the above lawsuit. as you were involved in the planning and implementation of the Tacoma dredging project  In that context. I also informed you that Mr Van den Adel. a current employee of Royal Boskalis Westminster N V ("Boskalis") was deposed recently. and that two other Boskalis employees, Mr Scheffe and Mr Gerrard. will be voluntarily appearing for a deposition before U S attorneys for General Metals and Arkema in the Netherlands between 16 and 18 August 2006

I herewith confirm that you agreed to also voluntarily appear for a deposition between 16 and 18 August 2006 in the Netherlands

Like the depositions of Mr Scheffe and Mr Gerrard, your deposition will be taken pursuant to U S federal court rules by plaintiffs' U.S. counsel and before a U S court reporter who will record a verbatim transcript of all that is said during the deposition   Prior to testifying at the deposition. you will also be required to take the oath or make a solemn affirmation  The depositions of Messrs. Scheffe and Gerrard. and I assume your deposition. will be defended by U S attorneys for Bean, and perhaps additional counsel for Boskalis

I would be grateful if you could reconfirm (either by email. fax or regular mail) your

De Breij Evers Boon B V is a private company with limited liability having its registered office in Amsterdam, The Netherlands services are carried out on the basis of an agreement of instruction (overeenkomst van opdracht) with De Breij Evers Boon B V general terms and conditions which contain a limitation of liability are applicable  The general terms and conditions have been the Registry of the District Court in Amsterdam, and will be forwarded upon request



EXHIBIT D

DE BREIJ
EVERS
BOON

18 July 2006

Page:
2/2

agreement to voluntarily appear for the above deposition in the Netherlands between 16 and 18 August 2006

With respect to the location of the deposition, of which I informed you that it can be wherever is most convenient for you and the other two witnesses, you indicated that you have no preference  I will follow up on this, as well as the definite date and time, once this has been set. Meanwhile, please do not hesitate to contact me should you have any questions.

Thank you for your cooperation in this matter

Sincerely yours.

Marcel W E  Evers


CC: Mr. Tom Falkner (Williams, Kastner & Gibbs PLLC)

## CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on this 12th day of September, 2006, two true and correct copies of the Memorandum in Opposition to Motion to Compel Deposition and Document Production of Boskalis Westminster, Inc. were served on the following counsel as indicated below:

VIA HAND DELIVERY
James W. Semple
Fotini Antonia Skouvakis
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

VIA REGULAR U.S. MAIL
Thomas W. Falkner
Williams, Kastner & Gibbs PLLC
601 Union Street, Ste. 4100
Seattle, WA 98111

Brian E. Farnan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL METALS OF TACOMA, INC., a Washington Corporation; and ARKEMA, INC. a Pennsylvania Corporation, | ) ) ) | CASE NO. . 06-MC-165 (GMS) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. CV05-5306 RBL (W.D. Wash.) |
| BEAN ENVIRONMENTAL LLC, a Delaware limited liability company; and BEAN DREDGING LLC, a Louisiana limited liability company, | ) ) ) ) ) | |
| Defendants | ) ) | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon

consideration of the Motion to Compel filed by plaintiffs, General Metals of Tacoma, Inc.

and Arkema Inc. ("Plaintiffs' Motion"), and Boskalis Westminster, Inc.'s opposition

thereto,

IT IS HEREBY ORDERED that Plaintiffs' Motion is DENIED.


_____
United States District Judge